Richard E. Ungar, SBN 113897
LAW OFFICES OF RICHARD E. UNGAR A.P.C.
10880 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90024
Tel:  (310) 234-1239
Fax: (310) 362-8688
rickungar@gmail.com

Attorneys For Defendants
George Elias and Tamara Lopez

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DISTRICT

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. <br><br> Plaintiff, <br><br> vs. <br><br> GEORGE ELIAS and TAMARA LOPEZ, INDIVIDUALLY and d/b/a CIAO BELLA'S PIZZERA & SPORTS LOUNGE, <br><br> Defendants. | Case No.  EDCV09-0863 <br><br> **FIRST AMENDED ANSWER TO COMPLAINT** |

GEORGE ELIAS and TAMARA LOPEZ, pursuant to Federal Rule of Civil Procedure Rule 15(a)(1) and by and through Defendants' undersigned counsel, amends its Answer to J & J SPORTS PRODUCTIONS, INC.'S Complaint as follows;

**JURISIDICTION**

1.      Defendants, and each of them, admit that the Complaint alleges claims giving rise to jurisdiction under The Communications Act of 1934, as amended, Title 47 U.S.C. 605 *et seq*. and Title 47 U.S Section 553 *et seq*. Defendants deny jurisdiction exists under California B&P Section 17200.

//

DEFENANTS GEORGE ELIAS and TAMARA LOPEZ FIRST AMENDED ANSWER CASE NO. EDCV09-0863-WDK-FMCx

2. Defendants, and each of them, admit that the Complaint alleges claims giving rise to jurisdiction pursuant to 28 U.S.C. Section 1331.

3. Defendants, and each of them, lack sufficient knowledge and information to form a response to Plaintiff's allegations that Plaintiff had exclusive commercial rights as alleged in paragraph 3 of the Complaint and neither admit nor deny the allegation. Defendants deny the wrongful acts alleged by Plaintiff in paragraph 3 of the Complaint.

## VENUE

4. Defendants, and each of them, without admitting the propriety of the claims set forth in the Complaint, admit that the Central District of California is the proper venue given the allegations set forth in the Complaint.

## INTRADISTRICT ASSIGNMENT

5. Defendants, and each of them, without admitting the propriety of the claims set forth in the Complaint, admit that the Eastern District of the Central District of California is the proper intra-district assignment for allegations set forth in the Complaint.

## THE PARTIES

6. Defendants, and each of them, lack sufficient knowledge and information to respond to the allegations set forth in paragraph 6 of the Complaint, and, therefore, neither admit nor deny the same.

7. Defendants, and each of them, deny the allegation set forth in paragraph 7 of the Complaint, inasmuch as Defendant, George Elias, is not currently the owner of, nor does Defendant George Elias

//

DEFENANTS GEORGE ELIAS and TAMARA LOPEZ FIRST AMENDED ANSWER CASE NO. EDCV09-0863-WDK-FMCx

have any relationship whatsoever to, Ciao Bella's Pizzeria & Sports Lodge operating at 14875 Bear Valley Road, Suite A, Hesperia, California 92345.

8. Defendants, and each of them, deny the allegation set forth in paragraph 7 of the Complaint, inasmuch as Defendant, Tamara Lopez, is not currently the owner of, nor does Defendant Tamara Lopez have any relationship whatsoever to, Ciao Bella's Pizzeria & Sports Lodge operating at 14875 Bear Valley Road, Suite A, Hesperia, California 92345.

## COUNT I

9. Defendants, and each of them, hereby incorporate by reference its responses to paragraphs 1-8 of this Answer, inclusive, as though more fully set forth herein.

10. Defendants, and each of them, lack sufficient knowledge or information to form a response to the allegations contained in paragraph 10 of the Complaint and, therefore, neither admit nor deny the same.

11. Defendants, and each of them, lack sufficient knowledge or information to form a response to the allegations contained in paragraph 11 of the Complaint and, therefore, neither admit nor deny the same.

12. Defendants, and each of them, lack sufficient knowledge or information to form a response to the allegations contained in paragraph 12 of the Complaint and, therefore, neither admit nor deny the same.

13. Defendants, and each of them, deny the allegations set forth in paragraph 13 of the Complaint and further state that Defendants had expressly received permission to screen *The Program* in question from DirecTV, the only source for permission that Defendants had reason to believe was

required having never been notified of the existence of any other licensing source or an obligation to acquire any additional rights from any third party.

14.    Defendants, and each of them, deny the allegations set forth in paragraph 14 of the Complaint having taken all efforts known to them to acquire the rights they reasonably believed to be required and paid all fees to which they reasonably believed to be required.

15.    Defendants, and each of them, admit the allegations contained in paragraph 15 of the Complaint as they pertain to the statement of contents of Title 47 U.S.C. 605, *et seq*., however lack sufficient knowledge or information to form a response with respect to the allegations that Plaintiff held distribution rights to *the Program,* as alleged in Paragraph 15, and, therefore, neither admit nor deny the same with respect to the alleged ownership of distribution rights.

16.    Defendants, and each of them, deny the allegations contained in paragraph 16 of the Complaint.

17.    Defendants, and each of them, deny the allegations contained in paragraph 17 of the Complaint.

18.    Defendants, and each of them, deny the allegations contained in paragraph 18 of the Complaint.

## **COUNT II**

19.    Defendants, and each of them, hereby incorporate by reference its responses to paragraphs 1-18 of this Answer, inclusive, as though more fully set forth herein.

20.    Defendants, and each of them, deny the allegations contained in paragraph 20 of Plaintiff's

DEFENANTS GEORGE ELIAS and TAMARA LOPEZ FIRST AMENDED ANSWER CASE NO. EDCV09-0863-WDK-FMCx

Complaint. It is well established law that a Defendant cannot violate both Title 47 U.S.C. 605 *et seq.* and Title 47 U.S.C. Sec. 553 *et seq.* <u>TKR Cable Corp. v. Cable City Corp.</u>, 267 F.3d 196, 205-06(3d Cir. 2001. Further, Plaintiff has repeatedly been chastised by other courts for seeking a judgment as to both statutes and for requesting enhanced damages as to both statutes. See <u>J&J Sports Prods. V. Managano</u>, No. 08-2067, slip op. at 1(E.D. Pa Dec. 8, 2008). Despite these many admonitions, Plaintiff seeks to pursue both causes of action will full knowledge that it is not permitted to do so under settled law.

21.  Defendants, and each of them, deny the allegations contained in paragraph 21 of the Complaint.

22.  Defendants, and each of them, deny the allegations contained in paragraph 22 of the Complaint.

23.  Defendants, and each of them, deny the allegations, and each of them, contained in paragraph 23 of the Complaint.

**COUNT III**

24.   Defendants, and each of them, hereby incorporate by reference its responses to paragraphs 1-23 of this Answer, inclusive, as though more fully set forth herein.

25.   Defendants, and each of them, deny that they tortuously obtained possession of *the Program* and wrongfully converted the same for their own use or benefit as alleged in paragraph 25 of the Complaint.

26.    Defendants, and each of them, deny that they willfully, maliciously, egregiously, or intentionally harmed Plaintiff in any manner whatsoever or in the manner set forth in paragraph 26 of the Complaint. With respect to Plaintiff's allegation that it was rightfully entitled to receive some fee

DEFENANTS GEORGE ELIAS and TAMARA LOPEZ FIRST AMENDED ANSWER CASE NO. EDCV09-0863-WDK-FMCx

from Defendants usage, either directly or from some other third party, Defendants lack sufficient knowledge and information to form a response and, therefore, neither admit nor deny the same. Defendants deny that they have caused Plaintiff severe economic distress and/or great financial loss.

27.     Defendants, and each of them, deny the allegations contained in paragraph 27 of the Complaint.

## COUNT IV

28.     Defendants, and each of them, hereby incorporate by reference its responses to paragraphs 1-27 of this Answer, inclusive, as though fully set forth herein.

29.     Defendants, and each of them, lack sufficient knowledge or information to form a response to the allegations contained in paragraph 29 of the Complaint and, therefore, neither admit nor deny the same.

30.     Defendants, and each of them, believe that they received all necessary authorization from DirecTV and have no knowledge or information as to whether or not Plaintiff granted the right to DirecTV to authorize the same. Accordingly, Defendants neither admit nor deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendants, and each of them, deny the allegation contained in paragraph 31 of Plaintiff's Complaint that Defendants engaged, to the best of its knowledge and belief, in any unlawful behavior or that, to the best of Defendants' knowledge and belief, Defendants' agents, servants, workmen or employees engaged in any unlawful behavior as alleged in paragraph 31 of the Complaint.

32.     Defendants, and each of them, deny all the allegations contained in paragraph 32 of the Complaint, with respect to themselves or their agents, servants, workmen or employees.

//

DEFENANTS GEORGE ELIAS and TAMARA LOPEZ FIRST AMENDED ANSWER CASE NO. EDCV09-0863-WDK-FMCx

33. Defendants, and each of them, deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants, and each of them, deny all the allegations contained in paragraph 34 of the Complaint, with respect to themselves or their agents, servants, workmen or employees.

35. Defendants, and each of them, lack sufficient knowledge or information to form a response as to whether or not Plaintiff has been deprived of any of the benefits alleged in paragraph 35 of the Complaint and, therefore, neither admit nor deny the same. To the extent that Plaintiff may prove that it has been so deprived, Defendants deny that such deprivation is the proximate result of Defendants' actions as alleged in paragraph 35 of the Complaint.

36. Defendants, and each of them, deny that they have violated California Business and Professions Code Section 17200, *et seq.*, as alleged in paragraph 36 of the Complaint.

37. Defendants, and each of them, lack sufficient knowledge or information to form a response as to whether or not the private attorney standards defined under California Civil Procedure Section 1021.5 apply and therefore neither admit nor deny the same. To the extend such standards may be proven as having been met, Defendants deny that they would responsible for any attorneys fees as alleged in paragraph 37 of the Complaint.

## DEMAND FOR RELIEF

38. Defendants, and each of them, deny that Plaintiff is entitled to the relief it prays for, or for any relief at all, for the allegations contained in the Complaint.

//
//
//

## AFFIRMATIVE DEFENSES

Without admitting any allegations in the Complaint not otherwise admitted, Defendants aver and assert the following defenses pursuant to Federal Rule of Civil Procedure 8(c).

**A.     First Affirmative Defense (Laches and Equitable Estoppel)**

39.     Plaintiff is barred from obtaining all or part of the relief is seeks under the doctrine of laches and/or equitable estoppel.

**B.     Second Affirmative Defense (Contributory Negligence)**

40.     Plaintiff's failure to give Defendants reasonable notice of any licensing, payment or other obligation Defendant may have had to Plaintiff, if any, is the result of Plaintiff's own negligence. As such, Defendants cannot be held responsible for any damages Plaintiff may have sustained, if any, as Defendants made payment to the only licensor of which they had knowledge, which was DirecTV.

**C.     Third Affirmative Defense (Statute of Limitations)**

41.     Plaintiff's Complaint is barred by the Statute of Limitations.

Respectfully submitted,

Dated: July 15, 2009          LAW OFFICES OF RICHARD E. UNGAR, A.P.C.

By:     /s/ Richard E. Ungar

Richard E. Ungar, Attorney for Defendants
George Elias and Tamara Lopez